IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

   v.

TALENT TREE, INC..,

        Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NATURE OF THE ACTION

This is a public enforcement action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation. This action seeks to provide appropriate relief to Richard Bucumi who was adversely affected by such practices. Mr. Bucumi was repeatedly retaliated against after he complained of discrimination at one of Talent Tree, Inc.'s ("Talent Tree" or "Defendant") clients, Citigroup. After Mr. Bucumi filed a Charge of Discrimination with the EEOC complaining of discrimination at Citigroup, he was terminated by Citigroup. Mr. Bucumi thereafter contacted Talent Tree for a new placement. Talent Tree, in retaliation for his complaints of discrimination, refused to place him in a new job.

- 1 -

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704, 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a), 2000e-3, 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Talent Tree, Inc. has continuously been doing business as an Employment Agency as defined by 42 U.S.C. § 2000e in the State of Colorado.

5. At all relevant times, Defendant has continuously been an Employment Agency within the meaning of Title VII, 42 U.S.C. §§ 2000e(c).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, on November 21, 2006, Mr. Bucumi filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant   All conditions precedent to the institution of this lawsuit have been fulfilled.

## CLAIM FOR RELIEF:  RETALIATION

7. Since at least 2006, Defendant has engaged in unlawful employment practices at its facilities in Colorado, in violation of Title VII, 42 U.S.C. § 2000e-3.

8. From 2003 through 2006, Mr. Bucumi received numerous job placements through Talent Tree.  His first placement was with Eagle Claw as a Hand-Count Packer in the warehouse where he was hired a permanent employee.

9. In March 2004, Mr. Bucumi contacted Talent Tree to obtain a new job.  Through Talent Tree, he obtained a placement with Citigroup as a Customer Service Representative.

10. During his placement with Citigroup, Mr. Bucumi repeatedly attempted to get hired as a permanent employee.   Mr. Bucumi, who is black, was not hired as a permanent employee and instead witnesses numerous less qualified white individuals being hired instead of himself.

11. In March 2006, Mr. Bucumi filed a charge of discrimination with the EEOC complaining of race and age discrimination at Citigroup.

12. On May 31, 2006, Mr. Bucumi was let go by Citigroup.

13. Mr. Bucumi immediately contacted Talent Tree to obtain another job placement.

14. Despite Mr. Bucumi's numerous requests for a new assignment, Talent Tree refused to place him in another position.

15. The effect of the practices complained of above has been to deprive Mr. Bucumi of equal employment opportunities in retaliation for his protected activity.

16. The unlawful employment practices complained of above were and are intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Lujan.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes illegal retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose discrimination or participate in proceedings opposing discrimination and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Richard Bucumi, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, including but not limited to reinstatement and/or frontpay.

D. Order Defendant to make whole Richard Bucumi, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

E. Order Defendant to make whole Richard Bucumi by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct

described in the paragraphs above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

  The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 30, 2008

                Respectfully submitted,

                RONALD S. COOPER
                General Counsel

                U.S.  EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                1801 L Street, N.W.
                Washington, D.C.   20507

                MARY JO O'NEILL
                Regional Attorney
                Phoenix District Office

                *s/ Rita Byrnes Kittle*
                RITA BYRNES KITTLE
                Supervisory Trial Attorney
                EEOC Denver Field Office
                303 E. 17th Ave Suite 510
                Denver, CO  80203
                Telephone:  303-866-1347
                Fax:  303-866-1375
                Email:  rita.kittle@eeoc.gov

                *s/ Stephanie Struble*
                STEPHANIE STRUBLE
                Trial Attorney
                EEOC Denver Field Office
                303 E. 17th Ave Suite 510

                                                  Denver, CO  80203  
                                                  Telephone:  303-866-1381  
                                                  Fax:  303-866-1375  
                                                  Email:  stephanie.struble@eeoc.gov

                                                  Attorneys for Plaintiff  
                                                  EQUAL EMPLOYMENT OPPORTUNITY  
                                                  COMMISSION

**PLEASE NOTE:**  
**For the purposes of service upon the EEOC,**  
**it is sufficient that pleadings, notices, and**  
**court documents be served upon the**  
**Trial Attorneys in Denver.**